# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAMIL T. BROWN,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:21-cv-2085** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **MS. HALDEMAN,** *et al.*, | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

On December 13, 2021, *pro se* Plaintiff Kamil T. Brown ("Plaintiff"), who is currently incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI Camp Hill"), initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 against Major Haldeman ("Haldeman"), Unit Manager Pasquale ("Pasquale"), Lieutenant Vance ("Vance"), Sergeant Rook ("Rook"), and C.O. Cummings ("Cummings"), all of whom are employed at SCI Rockview.  (Doc. No. 1.)  Plaintiff has also filed a motion for leave to proceed *in forma pauperis*.  (Doc. No. 2.)  Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint.  For the reasons set forth below, the Court will grant Plaintiff's motion to proceed *in forma pauperis* and dismiss his complaint with leave to amend.

---

[1] *See* The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

## I.      BACKGROUND

Plaintiff alleges that while he was incarcerated at SCI Rockview, Defendant Rook told him to pack his belongings because he was moving from the bottom tier to the top tier of his housing unit.  (Doc. No. 1 at 4.)  Plaintiff told Defendant Rook that he had bottom tier/bottom bunk status and showed Defendant Rook his two (2) leg braces.  (*Id.*)  Defendant Rook "said that the move was just only temporary." (*Id.*)  Plaintiff avers that Defendant Rook "never took [his] safety and security into consideration before moving" him.  (*Id.*)  On February 12, 2020, Plaintiff was on his way to school when he lost his footing and fell down the steps in his housing unit. (*Id.*)  He injured his back, tail bone, right kneecap, and right wrist.  (*Id.*)

Based on the foregoing, Plaintiff avers that he is asserting Eighth Amendment claims against Defendants Pasquale, Rook, and Cummings based on the move to the top tier.  (*Id.* at 5.)  He also alleges that he is asserting failure to train claims against Defendants Vance and Haldeman.  (*Id.*)  According to Plaintiff, Defendants ignored his medical condition and "knew that it [would] be a known risk by moving [him] to [the] top tier."  (*Id.*)  As relief, Plaintiff seeks compensatory and punitive damages, as well as an injunction "preventing any inmate with [an] injury from being placed on top tier."  (*Id.*)

## II.    LEGAL STANDARDS

### A.    Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint.  *See* 28 U.S.C. § 1915A(b)(1).  District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions.  *See* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted.").

A complaint is frivolous if it lacks an arguable basis either in law or fact.  *See Mitchell v. Horn*, 381 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)).  When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions

to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 679; *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not

4

accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* is "to be liberally construed." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106) (internal quotation marks omitted)).

### B.  Claims Filed Pursuant to 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors." *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## III.   DISCUSSION

### A.   Plaintiff's Complaint

#### 1.   Claim for Injunctive Relief

As noted *supra*, Plaintiff seeks injunctive relief in this matter. Plaintiff, however, is no longer incarcerated at SCI Rockview. Plaintiff's claim for injunctive relief is, therefore, moot. *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (noting that "[a]n inmate's transfer from the facility complained of generally moots the equitable and declaratory claims").

### 2.    Claims Against Defendants Pasquale and Cummings

For a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Here, Plaintiff avers that he is asserting Eighth Amendment claims against Defendants Pasquale, Rook, and Cummings for improperly moving him to the top tier.  However, Plaintiff's complaint only contains averments related to Defendant Rook.  At no time does Plaintiff describe how Defendants Pasquale and Cummings were involved in the decision to transfer him to the top tier. Accordingly, Plaintiff's complaint is subject to dismiss against Defendants Pasquale and Cummings.  *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)); *Hudson v. McKeesport Police Chief*, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming the dismissal of one defendant because the complaint did not provide any basis for a claim against him).

### 3.    Claims Against Defendants Vance and Haldeman

Plaintiff avers that he is asserting failure to train claims against Defendants Vance and Haldeman.  (Doc. No. 1 at 5.)  "[T]he inadequacy of . . . training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of the person with whom the [inadequately trained subordinates] come into contact."  *City of Canton v. Harris*, 489 U.S. 378,

388 (1989).  "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train."  *Connick v. Thompson*, 563 U.S. 51, 62 (2011).  Without such a pattern, a plaintiff must allege that the harm suffered was so "predictable that failure to train the [subordinate] amounted to *conscious disregard*" for his rights.  *Id.* at 71 (emphasis in original).  However, "[w]ithout notice that a course of training is deficient in a particular respect, decision makers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."  *Id.* at 62.

In the instant case, has made only conclusory failure to train allegations.  The bare allegations, without further explanation, are insufficient to plausibly allege that Defendants Vance and Haldeman failed to adequately train subordinates at SCI Rockview.  Accordingly, Plaintiff's failure to train claims against Defendants Vance and Haldeman will be dismissed.

### 4.    Eighth Amendment Claim Against Defendant Rook

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners.  *See Wharton v. Danberg*, 854 F.3d 234, 247 (3d Cir. 2017).  There are several types of Eighth Amendment claims, including claims alleging: denial of, or inadequate access to, medical care; exposure to adverse conditions of confinement; the use of excessive force; and failure to protect from

8

assaults by other inmates.  An Eighth Amendment claim includes both objective and subjective components.  *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Under the objective prong, the Court must consider "if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation."  *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Wilson*, 501 U.S. at 298).  However, "[w]hat is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends upon the claim at issue."  *See id.*  The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind."  *See Wilson*, 501 U.S. at 298.

In his complaint, Plaintiff avers that Defendant Rook violated his Eighth Amendment rights by improperly moving him to the top tier.  (Doc. No. 1 at 5.)  He alleges that Defendant Rook moved him even after being told that Plaintiff had bottom tier/bottom bunk status and being shown Plaintiff's two leg braces.  (*Id.* at 4.)  The Third Circuit Court of Appeals has found a violation of the Eighth Amendment when an inmate has a serious medical need requiring a housing assignment to the bottom tier of a facility, and prison officials are deliberately indifferent to that need.  *See Wall v. Bushman*, 639 F. App'x 92, 95 (3d Cir. 2015); *see also Manns v. Sims*, No. 17-cv-3815, 2018 WL 2230550, at *6 (D.N.J. May 16, 2018); *Vazquez v. Yeoman*, No. 13-cv-1067, 2014 WL 1653113, at *6 (M.D. Pa.

Apr. 23, 2014).  Plaintiff, therefore, may proceed as to his Eighth Amendment claim against Defendant Rook.

## B.     Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.*  The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim.  *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, the Court cannot conclude that it would be futile or inequitable to grant Plaintiff leave to file an amended complaint with respect to his claims against Defendants Haldeman, Pasquale, Vance, and Cummings.  Plaintiff is advised that the amended complaint must be complete in all respects.  It must be a

new pleading that stands by itself without reference to the original complaint or any other document.  The amended complaint should set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of each defendant in the acts that he claims violated his rights.  Mere conclusory allegations will not set forth a plausible claim.  Plaintiff is advised that if he fails to file an amended complaint, the above-captioned case will proceed only as to his Eighth Amendment claim against Defendant Rook.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) and partially dismiss his complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will afford Plaintiff thirty (30) days from the date of the Order accompanying this Memorandum in which to file an amended complaint, consistent with the Court's discussion herein.   An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: December 22, 2021

11